**MODIFY and AFFIRM; and Opinion Filed June 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00119-CR**

**RYAN WALLACE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-73110-R**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

A jury found appellant Ryan Wallace guilty of sexual assault of a child and assessed his punishment at life imprisonment. Appellant contends the trial court erred by allowing extraneous offense testimony during the guilt or innocence phase of trial and he challenges the sufficiency of the evidence to support the trial court's cost award of $594. He also asks this Court to modify the trial court's judgment to properly reflect the plea of not true by appellant and that appellant was sentenced by a jury. We modify the judgment to reflect the correct plea of not true by appellant and to reflect appellant was sentenced by the jury. As modified, we affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

The victim, I.W., was eleven years old when she was introduced to appellant, who is her biological father. At the age of sixteen, I.W. was not getting along with her mother and decided

to move into appellant's home. I.W. testified that in exchange for permission to visit her friend, appellant would require I.W. to give him massages while he was completely undressed. She also reported one occasion when, in exchange for permission to visit with a friend, appellant required I.W. to cook for him, clean for him, and bathe him in the shower. After the shower, I.W. was required to once again give appellant a massage and massage his penis. On another occasion, I.W. reported she had just showered when appellant entered her room and used his finger and his tongue to penetrate I.W.'s vagina. I.W. reported appellant brought her lingerie and posed her in provocative positions while photographing her with his phone. At one point, appellant had I.W. remove her underwear and bend over the bed so that he could take pictures of her "private area."

Appellant was charged by indictment for "unlawfully then and there intentionally and knowingly cause the penetration of the female sexual organ of [I.W.], a child, who was not then the spouse of defendant, by an object, to-wit: the tongue and finger of defendant . . . ." Appellant pleaded not guilty and a jury found him guilty as charged.

### *Extraneous Offense Testimony*

In his first two issues, appellant contends the trial court erred during the guilt or innocence phase of trial by admitting extraneous offense testimony regarding uncharged offenses. Appellant argues the State failed to provide proper notice and the evidence was more prejudicial than probative. The State responds that appellant failed to object to the admission of the evidence at trial and has thus failed to preserve his complaint for review. Further, the State contends it was within the realm of reasonable disagreement for the trial court to find the evidence admissible for a purpose other than to show appellant was acting in conformity with his character. Our review of a trial judge's admission of extraneous offense evidence under rule 404(b) is for an abuse of discretion. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).

The record shows that appellant filed a general discovery motion under rule 404(b) and article 37.07, section 3(g), requesting notice of the State's intent to offer, in its case-in-chief, evidence of other crimes, wrongs, or acts not arising in the same transaction as the offense charged. The State filed a notice of extraneous offenses; however the State's notice did not include testimony by the victim (1) from when she was eleven years old, claiming appellant lay down on top of her while she was asleep and (2) claiming appellant required her to give him massages while he was undressed on five to ten different occasions. The record shows that appellant did not object to the admission of the testimony during the trial, thus failing to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991) (in order to preserve error on appeal, the opponent of evidence of other offenses must timely object, preferably by stating that such evidence is inadmissible under rule 404(b), but ordinarily an objection that such evidence is not relevant or constitutes an extraneous offense is sufficient); *Blackmon v. State*, 80 S.W.3d 103, 107 (Tex. App.—Texarkana 2002, pet. ref'd) ("the record does not show that Blackmon objected to the State's failure to give him notice of J.B.'s testimony under Rule 404(b). Therefore, the issue is not preserved for our review."); *Gregory v. State*, 56 S.W.3d 164, 176 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd) (defendant's complaint about omissions in State's notice of extraneous offenses not preserved for appellate review). The rule 404(b) discovery request, filed before trial, was part of a general motion for discovery and was limited to requesting notice; it did not purport to challenge the admissibility of any evidence. *See Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993) (when the complaint on appeal differs from that made at trial, the error is waived, and an objection stating one legal basis may not be used to support a different legal basis on appeal); *see also Davis v. State*, No. 05-05-01694-CR, 2007 WL 122138, at *7 (Tex. App.—Dallas Jan. 18, 2007, no pet.) (not designated for publication) ("To the extent

appellant argues the evidence was inadmissible under rule 403, he did not object on that basis in the trial court and it is waived."). Appellant does not refer us to any motion or objection challenging the admissibility of the extraneous-offense evidence at trial. Therefore, we overrule appellant's first and second issues.

### Court Costs

Appellant next argues the evidence was insufficient to support the assessment of court costs against him in the amount of $594, contending the record in this case does not contain a proper written bill of costs.

The record before us contains the bill of costs. These complaints have been previously addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555-56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's third issue.

### Modification of the Judgment

Appellant's fourth and fifth issues ask this Court to modify his final judgment to reflect appellant's plea to the enhancement paragraphs of not true and reflect that appellant was sentenced by the jury. The State agrees the judgment should be reformed to accurately reflect appellant's plea to the State's punishment enhancement allegation but the State claims no change is needed in the judgment as to who determined appellant's sentence.

This Court has the authority to modify a judgment when we have the necessary information in the record to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The record in this case reflects appellant pleaded not true to the enhancement paragraph and further reflects appellant was tried and sentenced by a jury. Accordingly, we

modify the judgment in this case to reflect the correct plea to the enhancement paragraph as "not true" and to reflect appellant was sentenced by a jury.

*Conclusion*

We modify the judgment to reflect appellant pleaded not true to the enhancement paragraph and to reflect he was sentenced by a jury. As modified, we affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.

130119F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RYAN WALLACE, Appellant

No. 05-13-00119-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-73110-R.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.


Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Appellant pleaded not true to the enhancement paragraph and Appellant was
sentenced by a jury.

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 27th day of June, 2014.